**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SEKAZI MTINGWA,
Plaintiff-Appellant,

v.

NORTH CAROLINA AGRICULTURAL AND
TECHNICAL STATE UNIVERSITY;
CHARLES D. BUSSEY, General;

No. 96-1780

EDWARD B. FORT, Doctor; EDWARD
HAYES, Doctor,
Defendants-Appellees,

and

MATTHEW F. WARE, Doctor,
Defendant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CA-95-482-2)

Submitted: May 15, 1997

Decided: June 6, 1997

Before RUSSELL, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Deborah N. Meyer, MEYER, JORDAN & MCGIBNEY, P.A., Dur-
ham, North Carolina, for Appellant. Michael F. Easley, Attorney Gen-

eral of North Carolina, Thomas J. Ziko, Special Deputy Attorney General, Celia Grasty Jones, Assistant Attorney General, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dr. Sekazi Mtingwa, while employed as the Chairman of the Department of Physics at North Carolina Agricultural and Technical State University[1] (University), recommended that Dr. Matthew Ware, an Assistant Professor in the department, not be reappointed after the 1992-93 academic year. Ware then commenced the University's internal hearing procedure contesting Mtingwa's recommendation. Ultimately, the University's Board of Trustees (Board) determined that Mtingwa's decision not to reappoint Ware should be overturned on the grounds that Mtingwa had personal malice against Ware. Thereafter, two local publications carried articles stating that Mtingwa had decided not to reappoint Ware because of "malice" and because he "disliked Ware." Mtingwa filed an action in the district court seeking relief under 42 U.S.C. § 1983 (1994) and state libel law on the grounds that the negative and untruthful comments by Ware and University officials, which were subsequently published, caused his negotiations with another university for a teaching and research position to be terminated. Although Mtingwa does not allege, nor do the facts reveal, that he was terminated or demoted as a result of his alleged malice toward Ware, Mtingwa seeks a "due process hearing" to clear his name and damages.[2] The district court granted the Defendants'

_____

[1] Mtingwa is still employed as a physics professor at the University.
[2] Although Mtingwa was not given notice or present at the meeting in which it was decided that he had denied Ware's reappointment because of "malice," Mtingwa has failed to allege any specific University policy or procedure that would have entitled him to be present at that meeting or granted him a hearing at which he could defend himself against the Board's finding of malice.

2

motion to dismiss under Fed. R. Civ. P. 12(b)(6) with regard to the
§ 1983 action and dismissed the libel claim without prejudice to
Mtingwa's opportunity to seek state court remedies. Mtingwa appeals
raising one issue: that he has a protected liberty interest under the
Fourteenth Amendment in his future employment opportunities
actionable under § 1983. For the reasons that follow, we affirm.

Damage or injury to a person's reputation, absent an injury to some
other right or status previously recognized by state law, does not
deprive a plaintiff of any "liberty" interest protected by the Fourteenth
Amendment. See Paul v. Davis, 424 U.S. 693, 701 (1976). A public
employee alleging that his employer has harmed his reputation cannot
establish a claim under § 1983 unless he can show the stigma to his
reputation occurred in the course of a negative employment action
such as termination or demotion. Id. at 709-10; Board of Regents v.
Roth, 408 U.S. 564, 577 (1972). Even if Mtingwa's future career
opportunities may be adversely affected by the University's state-
ments he "cannot complain that he has been made unemployable; he
remains employed." Johnson v. Morris, 903 F.2d 996, 999 (4th Cir.
1990) (internal quotations and citation omitted); see also Siegert v.
Gilley, 500 U.S. 226, 234 (1991) (holding that because "alleged defa-
mation was not uttered incident to the termination of Siegert's
employment . . . it is not recoverable in a Bivens action"); Stone v.
University of Maryland Med. Sys., 855 F.2d 167, 172 n.5 (4th Cir.
1988) ("public employer's stigmatizing remarks do not deprive an
employee of a liberty interest unless they are made in the course of
a discharge or significant demotion"). Thus, because it is undisputed
that the University officials' allegedly defamatory comments did not
occur incident to Mtingwa's termination or other serious adverse
employment action, Mtingwa has no remedy under the Fourteenth
Amendment or § 1983. See Siegert, 500 U.S. at 234; Paul, 424 U.S.
at 709-10, Johnson, 903 F.2d at 999.

Accordingly, we affirm the district court's order dismissing the
action. We dispense with oral argument because the facts and legal
contentions are adequately presented in the materials before the court
and argument would not aid the decisional process.

AFFIRMED

3